UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


CRAIG DOWLING,

    Plaintiff,

v.                                                           3:07-cv-163

TIM HUTCHISON, et al.,

    Defendants.


## MEMORANDUM AND ORDER

This *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Middle District of Tennessee, Nashville Division, and transferred to this court without service of process. The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendants Officer Steve Klement, Cpl. Brown, Officer Hurst, Officer Hill, and Lt. Cox. For the following reasons, process shall not issue as to the remaining defendants.

Plaintiff brings this action for alleged assaults against him by the aforementioned defendants during plaintiff's confinement in the Knox County Detention Facility. Plaintiff has also named as defendants the Knox County Sheriff's Department and former Knox County Sheriff Tim Hutchison.

The Knox County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983 and it is **DISMISSED** from this action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Plaintiff has made no factual allegation that former Sheriff Tim Hutchison played a role in depriving plaintiff of any constitutional right. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Therefore, Tim Hutchison is **DISMISSED** from this action.

The plaintiff is **ORDERED** to complete the service packets for defendants Officer Steve Klement, Cpl. Brown, Officer Hurst, Officer Hill, and Lt. Cox, and return them to the Clerk's Office within twenty (20) days of the date of receipt of this Order. At that time the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for

service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants Officer Steve Klement, Cpl. Brown, Officer Hurst, Officer Hill, and Lt. Cox shall answer or otherwise respond to the complaint within twenty (20) days from the date of service. Defendants' failure to timely respond to the complaint will result in entry of judgment by default against defendants.

Plaintiff is **ORDERED** to inform the court, and the defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.

**E N T E R:**

s/ Thomas W. Phillips
United States District Judge