UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| CRAIG DOWLING | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 3:07-cv-163 |
| | ) | *Phillips* |
| | ) | |
| STEVE KLEMENT, et al. | ) | |
| | ) | |
|     *Defendants*. | ) | |

# MEMORANDUM

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the following dispositive motions[1]: the motion for summary judgment filed by Officer Hill; the motion for partial summary judgment filed by Officer Steve Klement in his individual capacity; the motion for partial summary judgment filed by Officer Brown, Lt. Cox, and Officer Hurst in their individual capacity; the motion for summary judgment filed by the defendants in their official capacity; and the motion for partial summary judgment filed by the plaintiff. For the following reasons, the motion for summary judgment filed by Officer Hill [Court File No. 108] will be **GRANTED**; the motion for summary judgment filed by the defendants in their official capacity [Court File No. 148] will be **GRANTED**;

---

[1] There are other non-dispositive motions pending which will be addressed in a separate Memorandum and Order.

the motion for partial summary judgment filed by Steve Klement in his individual capacity [Court File No. 142] will be **GRANTED**; the motion for partial summary judgment filed by the plaintiff [Court File No. 172] will be **DENIED**; and the motion for partial summary judgment filed by Officer Brown, Lt. Cox, and Officer Hurst in their individual capacity [Court File No. 143] will be **GRANTED IN PART** and **DENIED IN PART**: the motion will be **GRANTED** as to Lt. Cox and Officer Hurst, and will be **DENIED** as to Officer Brown.

I.  Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

## II. Factual Background

Plaintiff Craig Dowling ("Dowling") brought this action for an alleged use of excessive force and denial of medical care during his confinement in the Knox County Detention Facility (KCDF). The defendants are Officer Steve Klement ("Klement"), Officer Adam Brown ("Brown"), Officer Brian Hurst ("Hurst"), Officer Veverly Hill ("Hill"), and Lt. Shannon Cox ("Cox").

Dowling alleges that on July 25, 2006, he was first assaulted by Klement. Dowling alleges that upon returning to his cell after his hour of recreational time, Klement removed his handcuffs, cursed him, and ordered him to his cell. Dowling alleges that he entered his cell and turned around to find Klement standing behind him, that Klement then began punching him in the face, and that Dowling began bleeding badly. Dowling alleges that Hurst, Brown, Cox, and Hill then entered his cell and began beating him. Dowling alleges that, after putting the cuffs on him, Brown punched him in the face and then slammed his face into the wall. Dowling alleges that he was placed in the restraint chair and then taken to the hospital, where he received nine stitches in his lip and was x-rayed to determine whether he had any fractures or broken bones in his skull. [Court File No. 1, Complaint, pp. 7-8].

Dowling further alleges that, after the incident and his placement in the restraint chair, Cox told him he needed stitches, but that if he wanted medical attention he would have to give up blood. Dowling alleges that he submitted to giving blood against his will. [*Id*. at 8].

According to Dowling, the alleged assault was in retaliation for a grievance that Dowling had filed several days earlier against Klement's brother, Officer Mike Klement. [*Id*. at 7].

The defendants deny Dowling's accusations. According to the defendants, Klement escorted Dowling to his jail cell after recreation, Dowling began physically attacking Klement, and Klement attempted to restrain Dowling in his cell; during the altercation, Klement punched Dowling in the mouth. Brown, Cox, Hill, and Hurst responded to a radio call for assistance. The responding officers subdued Dowling, removed him from his cell, and placed him in the restraint chair.

The defendants deny beating Dowling but aver that only that amount of force required to subdue Dowling was used under the circumstances. Cox admits seeing blood coming from Dowling's mouth area when he arrived at Dowling's cell and he admits telling Dowling he would probably need stitches but denies placing any conditions upon the providing of medical care. Dowling was indicted for and eventually convicted in the Knox County Criminal Court of misdemeanor assault as a result of his altercation with Klement; he was also convicted of a disciplinary infraction.

III.  Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23

F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." Although a "good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment", *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986), "[a]n express intent to inflict unnecessary pain is not required" to find such a violation. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Whether a prison guard's use of force violates the Eighth Amendment depends on "whether the measure taken inflicted unnecessary and wanton pain and suffering" which "ultimately turns on `whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id*. at 320-21 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)). *See also Haynes v. Marshall*, 887 F.2d 700, 703 (6th Cir. 1989). In evaluating an Eighth Amendment claim, "the reason or motivation for the conduct, the type and excessiveness of the force used, and the extent of injury inflicted should be considered." *Parrish v. Johnson*, 800 F.2d at 605. *Accord, Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992) ("courts should consider the reasons or motivation for the conduct, the type and extent of force applied, and the extent of inflicted injury").

The Eighth Amendment's ban against cruel and unusual punishment also obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

Based upon the foregoing, the court will now consider the pending motions for summary judgment and for partial summary judgment.

### A. *Officer Veverly Hill -- Motion for Summary Judgment*

Hill moves for summary judgment on the ground that the claim against her for excessive force is unsupported by the facts and by Dowling's own testimony. In support of her motion for summary judgment, Hill has filed her Answers to Plaintiff's First Set of Interrogatories to Officer Hill, which were answered under oath; Dowling's Response to Defendant Veverly Hill's First Set of Interrogatories; a copy of Dowling's Judgment of Conviction for assault; and excerpts from the transcript of Dowling's deposition. [Court File No. 108, Motion for Summary Judgment, Exhibits 1-4, respectively].

In her response to interrogatories, Hill explained that she did not work in the high security area where Dowling was housed. [*Id.*, Exhibit 1, p. 1]. According to Hill, on the day in question, she was working in the intake security section and came to Dowling's cell in response to a call for assistance. [*Id.* at 4-5].

In his response to interrogatories, Dowling stated that the only contact Hill had with him on the day in question was to hold his leg while Brown placed him in restraints; he admitted that he did not receive any injury from Hill holding his leg. [*Id.*, Exhibit 2, p. 7]

In his deposition, Dowling admitted that he had not seen Hill before the day of the alleged assault nor afterwards. [*Id.*, Exhibit 4, p. 3]. During the incident, he saw Hill and she was holding his leg while the others assaulted him. [*Id.* at 20-21]. Dowling also testified that he does not believe Hill knew what the other officers were going to do to him but rather

held his leg so it would look like she was doing something; he admitted that Hill did not injure his leg. [*Id.* at 23-24].

In his response to Hill's motion for summary judgment, Dowling now claims that Hill failed in her duty to protect him from an assault by the other officers. Dowling did not allege that claim in his complaint and cannot raise it now in an effort to avoid summary judgment. Based upon the record evidence, Hill is entitled to judgment as a matter of law and her motion for summary judgment will be **GRANTED**.

*B. Defendants' Motion for Summary Judgment -- Official Capacity*

When a county defendant is sued in his official capacity, the court must proceed as if the plaintiff has in fact sued the county itself, in this case Knox County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail the plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by Knox County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

There is nothing in the record to suggest that the alleged violation of Dowling's civil rights was the result of any custom or policy on the part of Knox County, Tennessee. Accordingly, the motion for summary judgment filed by the defendants in their official capacity will be **GRANTED**.

*C. Officer Steve Klement -- Motion for Partial Summary Judgment*

In support of his motion for partial summary judgment in his individual capacity, Klement has submitted his affidavit. [Court File No. 144, Exhibit 1, Affidavit of Steven Klement]. Klement testifies that while escorting Dowling back to his cell after recreation, Dowling refused numerous orders to enter his cell and then physically attacked Klement; Klement admits that he punched Dowling in the face in order to gain physical control of the situation, causing Dowling's face to bleed and Klement to cut his hand. [*Id*. at 2]. Klement then radioed for assistance and, after the back-up officers arrived, went immediately to the medical unit for evaluation. [*Id*.].

Klement contends, first, that he is entitled to qualified immunity because he hit Dowling in the face only to protect himself and to subdue Dowling and used only the amount of force necessary under the circumstances. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*,

457 U.S. 800, 818 (1982)). Once a defendant has raised the defense of qualified immunity, "[t]he plaintiff has the burden of establishing that a defendant is not entitled to qualified immunity." *Cartwright v. City of Marine City*, 336 F.3d 487, 490-91 (6th Cir. 2003) (citation omitted).

In response to the motion for partial summary judgment, Dowling denies attacking Klement and states that Klement was the attacker. [Court File No. 165, Response, p. 2]. In an affidavit attached to his response, Dowling specifically testifies that Klement entered his cell while he was sitting on his bed, punched him in the nose, and continued to assault him. [*Id.*, Collective Exhibit 1, pp. 40-43, Affidavit of Craig Dowling, p. 2]. In his complaint as well, Dowling states that he was assaulted by Klement after entering his cell. [Court File No. 1, p. 7].

The right to be free from excessive force in violation of the cruel and unusual punishment clause is a clearly established constitutional right. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). There is a question of fact whether Dowling first attacked Klement or whether Klement punched Dowling without provocation. For that reason, Klement is not entitled to qualified immunity. *See Schreiber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010).

Nevertheless, Klement next contends that Dowling's claim for excessive force must fail under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, in order to pursue a § 1983 civil rights case against county prosecutors and police for an alleged unconstitutional conviction, the inmate first "must

prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. *Heck* thus stands for the proposition that "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

After their altercation, Klement filed a criminal complaint for assault against Dowling in the Knox County General Sessions Court. [Court File No. 144, Exhibit List, Exhibit 1, Affidavit of Steven Klement, Attachment A-1]. Dowling was subsequently indicted for and eventually pleaded guilty to misdemeanor assault in the Knox County Criminal Court. [*Id*., Exhibit 2, Indictment, pp. 1-4; Exhibit 3, Judgment of Conviction, respectively]. His guilty plea was later amended to a plea of nolo contendere. [Court File No. 165, Response to motion for partial summary judgment filed by Steve Klement in his individual capacity, Collective Exhibit 1, p. 38, Order to Amend Judgment]. Dowling was also convicted in KCDF disciplinary proceedings of, among other offenses, assault on officer/staff as a result of his altercation with Klement. [Court File No. 144, Exhibit List, Exhibit 6, Affidavit of Corporal Steven Stinnett, Attachments 6 and 7].

Under the circumstances, the court agrees that *Heck* applies in this case. *See Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005).

> We agree with the magistrate judge that success on Cummings' excessive force claim would necessarily imply the invalidity of his state assault conviction. The struggle between Cummings and the officers gave rise to both Cummings' assault conviction and the excessive force claim, and the two are inextricably intertwined. Additionally, Cummings could have raised excessive force as a defense to the assault charge, but instead he chose not to contest the charge. Thus, we hold that *Heck* bars Cummings' excessive force claim from moving forward, and we affirm the district court's grant of summary judgment to Defendants' on this claim.

*Id*. at 682-83.

Dowling did not assert self defense, as allowed by Tenn. Code Ann. § 39-11-611, in the criminal assault case against him but rather entered a plea of guilty, later amended to a no contest plea. In addition, he was convicted of assault in the jail disciplinary proceedings. *See Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. July 17, 2003) (*Heck* barred plaintiff's excessive force claim because, if successful, the excessive force claim "would necessarily undermine the validity of the disciplinary convictions for criminal assault as well as the veracity of the underlying misconduct reports"); *Denham v. Shroad*, 56 F. App'x 692, 693 (6th Cir. Jan. 28, 2003) (based upon the *Heck* doctrine, '[a] prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction").

Based upon the foregoing, Dowling's claim against Klement for excessive force is barred by *Heck*. Klement is entitled to judgment as a matter of law and his motion for partial summary judgment in his individual capacity will be **GRANTED** for that reason.

### D. *Officer Adam Brown, Officer Brian Hurst, and Lt. Shannon Cox*
### *-- Motion for Partial Summary Judgment*

In his complaint, Dowling alleges that, after the altercation with Klement, Officers Brown, Cox, Hurst, and Hill "entered my cell and began beating me and using excessive force after putting the cuffs on me." [Court File No. 1, Complaint, p. 7]. He alleges specifically, however, that "Brown then punched me in the face, then slammed my face into the wall." [*Id*.]

In his response to the motion for summary judgment filed by Officers Brown, Cox, and Hurst in their individual capacity, Dowling states that after the altercation with Klement, the responding officers entered his cell and began assisting Brown in restraining him. [Court File No. 167, Response, p. 2]. Dowling further states that Brown then smashed his face into the wall, and that the assault took place in the presence of Cox, Hurst, and Hill, who failed to intervene and stop the assault. [*Id*.]. In an affidavit attached to his response, Dowling testifies that Brown began putting the cuffs on him with the assistance of Cox, Hurst, and Hill; he does not state that they participated in the assault or failed to intervene. [*Id*., Collective Exhibit 1, pp. 26-29, Affidavit of Craig Dowling, p. 2].

The court has already determined that the record evidence does not support a claim for excessive force against Hill and that her motion for summary judgment should be granted. Likewise, the court finds the record fails to state a claim for excessive force against Cox and Hurst. Dowling's specific allegations of assault are against Brown; the others were present

14

but neither the pleadings nor Dowling's own testimony support a claim for excessive force against them. Thus, Cox and Hurst are entitled to judgment as a matter of law as to Dowling's claim of excessive force.

With respect to Dowling's allegation that Cox required Dowling to give a blood sample before he could receive medical treatment, Cox admits that pursuant to jail policy he asked Dowling for a blood sample, since the altercation with Klement resulted in open wounds, and Dowling complied; he denies withholding medical attention in order to coerce Dowling to provide the blood sample. [Court File No. 144, Exhibit List, Exhibit 7, Affidavit of Shannon Cox, p. 3]. The court finds that the allegation fails to state a claim for deliberate indifference to serious medical needs under the standard set forth in *Estelle v. Gamble*, 429 U.S. 97 (1976). Accordingly, the motion for partial summary judgment filed by Cox and Hurst in their individual capacity will be **GRANTED**.

Brown's motion for partial summary judgment, however, is another matter. Brown first contends, as did Klement, that he is entitled to qualified immunity. According to Brown, he responded to an emergency call for assistance, found a fellow officer scratched and rumpled outside the cell of a bleeding inmate, and thus had an affirmative duty to restrain Dowling even if that resulted in injury to Dowling. In his affidavit in support of his motion for partial summary judgment, Brown testifies that in an attempt to restrain Dowling, it was necessary to handcuff him; that Dowling was put against the wall and handcuffed from behind; and that if Dowling was injured by Brown's actions, it was not done intentionally nor

to punish Dowling. [Court File No. 146, Memorandum in support of motion for partial summary judgment, Attachment 1, Affidavit of Adam Brown, pp. 2-3].

As noted previously, Dowling alleged in his complaint, under penalty of perjury, that Brown punched him in the face and slammed his face into the wall *after* Dowling was restrained. [Court File No. 1, Complaint, p. 7]. In his affidavit in response to the motion for partial summary judgment, Dowling reiterates that Brown smashed his face into the wall and punched him in the mouth. [Court File No. 167, Response, Collective Exhibit 1, pp. 26-29, Affidavit of Craig Dowling, p. 2]. As in the case with Klement, this presents a question of fact and Brown is not entitled to qualified immunity. The court notes for the record that had the motion for partial summary judgment filed by Cox and Hurst not been granted on other grounds, their request for qualified immunity would likewise be denied.

Brown also contends that Dowling's excessive force claim against him is barred by *Heck*. Brown relies on the fact that Dowling's grievance against him for excessive force was denied by the grievance committee. *Heck* bars a § 1983 claim from being used to collaterally attack the conduct underlying a prison disciplinary conviction or a criminal conviction, as was the situation with Klement. This court, however, is not aware of any case law, nor does Brown cite to any case law, to the effect that *Heck* bars a § 1983 claim that would invalidate a decision by a grievance committee. Accordingly, *Heck* does not apply in Brown's case.

Based upon the foregoing, Brown is not entitled to judgment as a matter of law. His motion for partial summary judgment in his individual capacity will be **DENIED**.

16

*E. Dowling's Motion for Partial Summary Judgment*

Dowling has filed a motion for partial summary judgment, in which he states that there are no genuine issues of material fact and he is entitled to judgment as a matter of law against the defendants on his civil rights claims. Based upon the court's rulings on the defendants' motions for summary judgment and for partial summary judgment, it is clear that Dowling is not entitled to judgment as a matter of law and his motion for partial summary judgment will be **DENIED**.

IV. <u>Conclusion</u>

The motion for summary judgment filed by Hill will be **GRANTED**; the motion for summary judgment filed by the defendants in their official capacity will be **GRANTED**; the motion for partial summary judgment filed by Klement in his individual capacity will be **GRANTED**; the motion for partial summary judgment filed by Dowling will be **DENIED**; and the motion for partial summary judgment filed by Brown, Cox, and Hurst in their individual capacity will be **GRANTED IN PART** and **DENIED IN PART**: the motion will be **GRANTED** as to Cox and Hurst, and will be **DENIED** as to Brown. Accordingly, there remains for trial only Dowling's claim against Brown in his individual capacity for the use of excessive force.

**AN APPROPRIATE ORDER WILL ENTER.**

<u>     s/ Thomas W. Phillips     </u>
United States District Judge